IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Garrin David Smith, | ) | C/A No.: 6:18-3582-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, who is no longer incarcerated or on supervised release, has filed a petition for a writ of coram nobis pursuant to 28 U.S.C. § 1651 alleging violations of his constitutional rights. He contends that an improper identity was used to secure his federal warrants, indictments, and judgments used in 2004 conviction and sentencing. The petitioner seeks a writ vacating "the process" and overturning his conviction.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that the court should not entertain the merits of the petition and that it should be summarily dismissed without issuance and service of process. The Magistrate Judge opines that the original sentencing judge, the Honorable

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

G. Ross Anderson, Jr., has previously ruled upon the very arguments the petitioner now advances. The Magistrate Judge takes judicial notice of the multiple prior cases where the petitioner has brought his argument attacking his conviction in this District and other District Courts. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation which was entered on the docket on January 23, 2019. In lieu of specific objections to the Report and Recommendation, the petitioner filed a motion to stay the proceedings in this matter "upon the proof of the second element, by waiting [for] resolution of the State Coram Nobis to the illegality of the proceeding." The court denied the motion to stay, but allowed petitioner to provide written proof to this court that such a "State Coram Nobis" action is actually pending before a judicial officer in the State of South Carolina. The court also allowed the petitioner 30 additional days to file specific objections to the Report and Recommendation.

On February 25, 2019, the petitioner filed a document styled "Objection(s) to the Report & Recommendation." Therein, he recites the facts of his case. He does not, however, specifically object to any of the recommendations laid out by the Magistrate Judge in the Report. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such

objections. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Attached to the petitioner's objection memorandum are approximately 76 pages of state court records including warrants from 2002, witness statements, incident reports, crime lab reports, and other state court criminal pleadings. These documents appear to relate to the petitioner's 2004 conviction. There are no documents specifically referring to a pending writ of coram nobis before a state judicial officer.

The Magistrate Judge provides a thorough history of the petitioner's prior § 2255 and § 2241 petitions. The petitioner was sentenced by U.S. District Judge G. Ross Anderson on March 30, 2005 to 135 months imprisonment and 5 years supervised release. Before pursuing a direct appeal in this District, the petitioner filed three identical motions pursuant to 28 U.S.C. § 2255. He also filed two petitions pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Mississippi.

The Magistrate Judge opines, and this court agrees, that the courts in the petitioner's earlier cases have already ruled upon the very arguments the petitioner now advances, such that this court should not re-address the matters absent new information. Moreover, no such "new information" has been provided by the petitioner after the court granted him an

extension of time within which to do so. Regardless, it would be improper for this court to rule upon matters already adjudicated in this and other Districts.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference. Accordingly, this action is summarily dismissed without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

August 16, 2019
Columbia, South Carolina